[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13330
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00028-RS-CJK


FERENC FODOR,

Plaintiff-Appellant,

versus

BRIAN D'ISERNIA,
Owner of Eastern Shipbuilding Group,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 7, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Ferenc Fodor, proceeding pro se, appeals the district court's dismissal of his complaint, in which he raises claims of national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112(a), based on his treatment while employed by Eastern Shipbuilding Group.

Fodor filed his original complaint alleging Title VII and ADA claims against four individual defendants, including Brian D'Isernia, the owner and president of Eastern Shipbuilding Group.  A magistrate judge directed Fodor to file an amended complaint, instructing him to use the "Employment Discrimination Complaint Form."  The judge also advised him "that individual defendants are not amendable to private suit and personal liability" under his claims and informed him that the "only proper defendant is plaintiff's former employer."  Fodor then filed an amended complaint which named D'Isernia as the "Defendant Employer" and Eastern Shipbuilding Group as "Defendant's business."  In its statement of facts section, the complaint also described D'Isernia as "president owner of Eastern Shipbuilding."  Fodor later filed a discovery request demanding that "Defendant Brian D'Isernia owner Eastern Shipbuilding Group" provide the court with Fodor's original employment application.

D'Isernia filed a motion to dismiss the amended complaint for failure to state a claim, arguing that neither Title VII nor the ADA provides for individual

2

liability against owners of corporations.  The district court dismissed Fodor's amended complaint with prejudice.  This is Fodor's appeal.

We review de novo a district court's dismissal for failure to state a claim. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  We have held that individual employees are not subject to liability under either Title VII or the ADA.  See Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (Title VII); Albra, 490 F.3d at 830 (the ADA).  Therefore, Fodor cannot state a claim against D'Isernia under either Title VII or the ADA.

Fodor's complaint, however, must be liberally construed because he is a pro se litigant.  Albra, 490 F.3d at 829; see also S.E.C. v. Elliot, 953 F.2d 1560, 1583 (noting that the court should use "common sense" in interpreting pro se pleadings). The "Employment Discrimination Complaint Form" that Fodor was instructed to fill out includes two blanks in the "Factual Background" section, one for "Defendant Employer" and one for "Defendant's business."  Fodor named Eastern Shipbuilding Group as "Defendant's business."  He argued in his objections to the magistrate judge's report that he believed that he named Eastern Shipbuilding Group as the defendant in that complaint.  The district court's order did not address

3

Fodor's argument and did not determine whether his complaint, liberally construed, could be read to name Eastern Shipbuilding Group as a defendant.

The district court granted the motion to dismiss solely on the basis that Brian D'Isernia was not a proper defendant.  Construing the complaint liberally, however, Fodor named Eastern Shipbuilding Group as a defendant.  The district court therefore erred by dismissing Fodor's entire complaint with prejudice.  We affirm the district court's judgment to the extent that it dismissed Fodor's Title VII and ADA claims against D'Isernia, but we reverse the part of the district court's judgment dismissing Fodor's Title VII and ADA claims against Eastern Shipbuilding Group.

**AFFIRMED** in part; **REVERSED** in part and **REMANDED**.

4